Law et al., Appellees, v. The Bucyrus City Bank et al., Appellants.

(Decided July 20, 1938.)

Mr. *Leo. J. Scanlon* and Mr. *J. D. Sears,* for appellees.

Mr. *W. J. Schwenck,* for appellants.

By the Court. This is an appeal on questions of law and fact.

The plaintiffs, Victoria Law and others, are heirs at law of Charles Fisher, deceased. They bring this action against The Bucyrus City Bank and others to have a certain judgment for money only, recovered by The Bucyrus City Bank against Jerome Fisher individually and as executor of the last will and codicil of Casper Fisher, deceased, in cause No. 18653, in the Court of Common Pleas of Crawford county, on a purported claim against Casper Fisher, deceased, declared void and of no effect as to them and to have the enforcement thereof enjoined and their title to real estate as such heirs at law quieted as against that judgment and the levy made thereon.

The pleadings and record in cause No. 18653, in the Court of Common Pleas of Crawford county, Ohio, entitled The Bucyrus City Bank, plaintiff, v. Jerome Fisher and Jerome Fisher as executor of the last will and codicil of Casper Fisher, deceased, relief against the judgment in that cause being sought by the plaintiffs in the case at bar, as well as the pleadings and evidence in the case at bar, show conclusively that the claim on which that judgment is based was presented to Jerome Fisher as executor of the last will and testament of Casper Fisher, by the claimant bank for allowance as a valid claim against the estate of the decedent on the — day of April, 1931, and that the action in which that judgment was rendered was not filed until April 1, 1935. The pleadings and evidence in the case at bar further show conclusively that Jerome Fisher was appointed such executor by the Probate Court of Crawford county, Ohio, on July 19, 1930, and that due notice was given of such appointment.

In the petition, on which the judgment is based, among other things, it is alleged:

"That on or about the — day of April, 1931, it [The Bucyrus City Bank] presented to the said Jerome Fisher, as executor of the last will and testament of Casper Fisher, a written statement of its claim, together with a copy of the note hereinabove set forth herein, and demanded an endorsement of allowance thereon but the defendant, Jerome Fisher, as such executor of the last will and testament of the co-maker of said note, Casper Fisher, has refused to allow said claim as a valid claim against the estate of said Casper Fisher."

The judgment referred to was rendered and entered on the 7th day of May, 1935, upon default of the defendants therein for answer or demurrer to the petition, such default operating as a confession by them of the truth of the allegations of the petition.

It will be noted that while the allegation above

quoted definitely fixes the time of the presentation of the claim as on or about the — day of April, 1931, it does not definitely fix the time of the refusal of the executor to allow the claim as a valid claim against the estate. As the time of the refusal is not definitely fixed by the allegation, the time of the refusal, under that allegation, includes and comprehends any time within the period between the presentation of such claim for allowance and the bringing of the action in which such judgment was rendered.

In its answer in the case at bar The Bucyrus City Bank, in a number of places alleges: ''But said aforesaid executor never allowed or disallowed said claim.''

In the view we take of this case, however, it is immaterial whether the claim was rejected by the executor after presentment and before the suit in which the judgment was rendered was commenced, or was never allowed or disallowed by him, as the same rule of law is applicable in either instance.

Section 10746, General Code (102 Ohio Laws, 203), which was in effect during the time the estate of Casper Fisher was being administered by Jerome Fisher, as executor, until the approval by the Probate Court of the final account filed by him on August 31, 1931, and which was and is applicable to the rights of The Bucyrus City Bank as a claimant against the estate, provided:

''No executor or administrator, shall be held to answer to the suit of any creditor of the deceased unless it be commenced within eighteen months from the time of his giving bond except as hereinafter provided. A creditor whose cause of action accrues after the expiration of eighteen months from the time the executor or administrator gave bond according to law, and before such estate is fully administered, may begin and prosecute such action within six months after the accruing of such cause and before the estate is fully administered. No cause of action against an executor

or administrator shall be barred, by lapse of time, until the expiration of six months from the time it accrues."

In the case of *Reynolds, Admr.,* v. *Collins, Exr.,* 3 Hill, 36, Supreme Court and Court of Errors of the state of New York, involving the application of statutes of the state of New York similar to the statutes of the state of Ohio in effect during the administration of the estate of Casper Fisher, with reference to the presentment of claims against estates of decedents and limitations on the bringing of suits by creditors of the deceased against executors or administrators of such estates, it was held that the presentment of a claim under the statute does not toll the running of the statute of limitation as to an action on such claim by the creditor-claimant against the executor and, if the executor neither allows nor rejects it, the creditor must take care to have the matter adjusted or commence his action within the period of the statute, otherwise he will be too late.

The same reasoning on similar statutes of the state of Ohio is applied in the case of *Harris* v. *O'Connell, Admr.,* 85 Ohio St., 136, 97 N. E., 49; Rockel's Probate Practice (4 Ed.), 482 and 483, Section 559.

This statute of limitations cannot be waived by an executor or administrator. *Crouse* v. *Frybarger,* 22 C. C., 315, 12 C. D., 254.

"If the executor neglects to plead the statute limiting the time within which claims may be presented or sued, the judgment will not be binding upon the estate, and an execution issuing thereon, levied upon the real estate of the deceased, is void as to all persons except the executor or administrator who permitted it to issue; and money paid by him in satisfaction of such a judgment will not be allowed to him in his final account." 2 Wood on Limitations (4 Ed.), 900, Section 188.

All the pleadings and the evidence in the case at bar conclusively show that the executor was appointed on July 19, 1930, that the claim was presented to the executor for allowance on or about April 1, 1931, and that action thereon was not commenced until April 1, 1935, approximately four years after the presentation of the claim to the executor, approximately four years and eight months after the appointment of the executor and publication of notice thereof, and more than eighteen months after the appointment of the executor. Notice of appointment having been duly given according to law, it is presumed that the executor gave bond at the time of his appointment. If no bond was required, the time in which actions could be brought against him under the provisions of Section 10746, General Code, began to run from the giving of notice of his appointment. *Grant* v. *Baldwin,* 89 Ohio St., 156, 105 N. E., 1045.

The parties plaintiff in the case at bar claim as heirs at law of the decedent, Casper Fisher, and are not parties or privies to the judgment attacked. Not being parties or privies they are permitted to impeach it whenever it is attempted to be enforced against them or its validity is drawn in question as in this action. 23 Ohio Jurisprudence, 1126 and 1127, Section 967.

The action in which the judgment was rendered, not having been brought within the period limited by Section 10746, General Code, was barred by the provisions thereof, which could not be waived by the executor. The judgment, as to, the plaintiffs, is for this reason constructively fraudulent and void and the plaintiffs are entitled to have the same declared void and of no effect as to them and to have the enforcement thereof enjoined and their title quieted as against the bank, as prayed for in their petition. Such finding, judgment and decree will be entered herein accordingly, to the

same effect as was entered in the Common Pleas Court.

*Decree accordingly.*

GUERNSEY, P. J., CROW and KLINGER, JJ., concur.